124 N.J. 391 (1991)
590 A.2d 1188
S.S., PLAINTIFF-RESPONDENT,
v.
E.S., DEFENDANT-APPELLANT.
The Supreme Court of New Jersey.
Argued May 6, 1991.
Decided June 13, 1991.
*392 Saverio R. Principato argued the cause for appellant.
Michael T. Grimes argued the cause for respondent (Grimes & Grimes, attorneys).
PER CURIAM.
Plaintiff, mother of a boy born in July 1981, filed this action in 1989 for paternity adjudication and child support. After discovery, plaintiff moved to compel defendant to undergo Human Leucocyte Antigen (HLA) blood-testing to determine whether he was the father of her son. Pursuant to section 14 (N.J.S.A. 9:17-51) of the New Jersey Parentage Act, N.J.S.A. 9:17-38 to -59, the court ordered defendant to submit to the blood-testing. Defendant refused. The court then ordered that he be incarcerated. After granting leave to appeal, the Appellate Division reversed and remanded, one judge concurring in part and dissenting in part. 243 N.J. Super. 1, 15, 578 A.2d 381 (1990).
We affirm substantially for the reasons set forth in Judge Baime's opinion for the majority below. Pointing to the compelling public concern for "ensuring and protecting the *393 interests of children," id. at 12, 578 A.2d 381, he declared it "clearly within the power of the State to provide for the enforcement of the parental duty to support one's children," ibid., including the power to order blood-testing and the power to incarcerate on refusal to comply with such an order. Id. at 7-10, 578 A.2d 381. As observed by the majority below, however, "there should be some reasonable quantum of individualized suspicion" to support court-ordered blood-testing, id. at 12, 578 A.2d 381  that is, a plaintiff should be required to show, as a prerequisite to the court's issuing an order requiring a defendant to submit to HLA blood-testing, that "there is an articulable reason for suspecting the defendant is the father." Ibid. The court below was careful to point out that "as a general rule, something more than the filing of a complaint containing highly conclusory allegations is necessary [to justify an order for blood-testing] when the defendant denies paternity," ibid., but that documentary submissions rather than a full adversarial hearing may be sufficient. In that connection we note that we have a more informative record than that presented to the Appellate Division, inasmuch as we allowed plaintiff to supplement the record in this Court with her answers to defendant's interrogatories. The information contained therein goes far in addressing the Appellate Division's concerns.
We emphasize that the foregoing is not to suggest, however, that there may not be instances in which the verified complaint alone will suffice to establish the requisite "articulable suspicion" of a defendant's parenthood. We share the concern of the dissenter below that the proceedings not be unduly burdened or protracted, 243 N.J. Super. at 15, 578 A.2d 381 (Shebell, J.A.D., concurring in part and dissenting in part), and we would urge, as we understand the majority below would likewise advocate, that the proceedings at the trial level in no wise be converted into a mini-trial. We are confident that our experienced trial judges will be sensitive to the need for a delicate balancing of a defendant's privacy rights with the significant public interest in an expeditious determination of the *394 issues. In that connection we would add only that any documentary or testimonial submission by a defendant should be limited to the question of whether a plaintiff has established an articulable suspicion that the defendant is the father. The blood-testing-application stage of the proceeding does not focus on the ultimate issue of parentage.
Judgment affirmed.
For affirmance  Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI, and STEIN  7.
Opposed  None.